UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH G. TIGANO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ALAMEDA COUNTY SUPERIOR COURT, et al.,<br><br>    Defendants. | Case No. 3:24-cv-07001-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 5, 17 |

Plaintiffs Elizabeth Tigano and her sister Mary Bernstein, who are representing themselves, bring this action against the Alameda County Superior Court and seven Alameda County Superior Court judges. Defendants jointly move to dismiss. (Dkt. Nos. 5, 17.[1]) The Court previously took the matter under submission, *see* Civ. L.R. 7-1(b), and now GRANTS the motion to dismiss without leave to amend as Plaintiffs' claims are barred by the Eleventh Amendment, the *Rooker-Feldman* doctrine, and Defendants are entitled to absolute judicial immunity.

**BACKGROUND**

On January 8, 2024, Plaintiffs filed Case No. 24-131 against the Alameda County Superior Court and individual defendants alleging violations of the Americans with Disabilities Act and 42 U.S.C. § 1981. The Court granted Plaintiffs several extensions of time to serve Defendants based on their representations that they were experiencing "extreme health issues." (No. 24-131, Dkt. Nos. 11, 17.) Plaintiffs thereafter filed a 138-page amended complaint with over 3000 pages of exhibits without leave of court, which the Court struck. (No. 24-131, Dkt. No. 31.)

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

1  Plaintiffs then sought an extension of time to file a motion for leave to amend which the Court
2  granted. (No. 24-131, Dkt. No. 34.) The following day, Plaintiffs voluntarily dismissed the action.
3  (No. 24-131, Dkt. No. 35.) Around this same time, Plaintiffs filed the above -aptioned action
4  against many of the same Defendants raising the substantially the same claims. The Court related
5  the two actions under Civil Local Rule 3-12. (No. 24-7001, Dkt. No. 20.)

The Complaint in this action is 198-pages, single-spaced, replete with photographs and screenshots, and attaches over 600 pages of exhibits.  (Dkt. No. 1.)  Plaintiffs name the Alameda County Superior Court and Judge Eumi Lee, Judge Keith Fong, Judge Jenna Whitman, Judge Elizabeth Riles, Judge Susan Lew, Judge Bentrish Satarzadeh, and Commissioner (now Judge) Mark Fickes, as Defendants.  Plaintiffs plead two claims for relief: (1) religious discrimination under 42 U.S.C. § 1981, and (2) disability discrimination under 42 U.S.C. § 13132. (*Id*. at 166-173.)  Plaintiffs allege Defendants, in multiple different state court cases, denied them reasonable accommodations and discriminated against them based on their status as disabled Christian women.  Plaintiffs seek a ruling Defendants' decisions violated the law, reversal of these decisions, and damages.   (*Id*. at 165-166.)

Defendants moved to dismiss shortly after this action was filed.  (Dkt. No. 5.)  In response, Plaintiffs sought a six-month continuance because of an upcoming medical procedure and because of deadlines in several other cases pending in state and federal court.  (Dkt. No. 9.)  After receiving two extensions of time, Plaintiffs filed a 147-page opposition brief as well as requests to continue the scheduled March 27, 2025 hearing date. (Dkt. Nos. 20, 23, 27, 31, 32.)  The Court denied these requests as moot finding oral argument was unnecessary, *see* Civ. L.R. 7-1(b), and took the motion under submission. (Dkt. No. 33.)  Since taking the motion under submission, Plaintiffs have continued to file "declarations" and objections to taking the hearing off calendar totaling more than 1600 pages.  (Dkt. Nos. 34, 35, 36, 37, 38.)

**DISCUSSION**

Defendants insist Plaintiffs' claims are barred by the Eleventh Amendment, the *Rooker-Feldman* doctrine, and absolute judicial immunity, and alternatively, move to dismiss for failure to state a claim.

2

### A. The Eleventh Amendment Bars Plaintiffs' Claims

The Eleventh Amendment prohibits federal courts from hearing suits brought against a nonconsenting state. *Munoz v. Super. Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024). "This prohibition applies when the 'state or the 'arm of a state' is a defendant.'" *Id*. (quoting *Durning v. Citibank, N.A*., 950 F.2d 1419, 1422 (9th Cir. 1991)). The Alameda County Superior Court is an arm of the state and is therefore protected by Eleventh Amendment immunity. *See Munoz*, 91 F.4th at 980. A suit against individual state judges in their judicial capacity is also barred by the Eleventh Amendment. *Munoz*, 91 F.4th at 980-81 (citing *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021)). Plaintiffs' allegations relate to actions taken by Defendants in their official capacity while presiding over judicial proceedings and ruling on matters in cases pending before them. So, Plaintiffs' claims against Defendants are barred by the Eleventh Amendment. *See Munoz*, 91 F.4th at 981 ("Eleventh Amendment immunity is a threshold jurisdictional issue, and we have no power to resolve claims brought against state courts or state court judges acting in a judicial capacity.").

### B. The *Rooker-Feldman* Doctrine Bars Plaintiffs' Claims

Plaintiffs' claims are also barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes federal district courts from exercising "jurisdiction to hear a *de facto* appeal" of a final state court judgment. *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). A suit brought in federal district court is a "*de facto*" appeal when a party contends a state court's decision was erroneous and, as a result, seeks federal relief from the state court judgment. *Kougasian v. TMSL, Inc*., 359 F.3d 1136, 1140 (9th Cir. 2004). Plaintiffs' allegations challenge Defendants' actions and ruling in the state court proceedings. To the extent Plaintiffs disagree with these decisions, they must pursue relief in the state court system.

"A federal district court dealing with a suit that is, in part, a forbidden *de facto* appeal from a judicial decision of a state court must refuse to hear the forbidden appeal [and,] [a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court." *See Noel v. Hall*, 341 F.3d 1148, 158 (9th Cir. 2003). "A claim is inextricably intertwined with a state court judgment if the federal claim succeeds only

to the extent that the state court wrongly decided the issues before it, or if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (internal quotation marks and citations omitted). "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). Here, Plaintiffs allege Defendants' rulings discriminated against them based on their status as disabled women. These "constitutional claims are 'inexplicably intertwined' with the state court's rulings in [] plaintiff's state case" and thus are barred by *Rooker-Feldman*. *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994). The *Rooker-Feldman* doctrine likewise bars Plaintiffs' challenge to Defendants' denials of their requests for reasonable accommodation under the Americans with Disabilities Act. "The *Rooker–Feldman* doctrine bars litigants from bringing claims against state courts based on denials of reasonable accommodations when the denial—in other words, the injury—is effected through a court order." *Langworthy v. Whatcom Cty. Superior Ct.*, No. 20-1637-JCC, 2021 WL 1788391, at *3 (W.D. Wash. May 5, 2021) (collecting cases).

### C.     Defendants are Entitled to Absolute Judicial Immunity

In addition, state judges are absolutely immune from a suit for acts performed in their judicial capacity. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The doctrine of judicial immunity provides a "complete immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). Judicial immunity does not apply to (1) "actions not taken in the judge's judicial capacity" or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11-12. Whether a judge acts in a judicial capacity turns on "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). The judicial actions about which Plaintiffs complain—ruling on motions, denying requests for reasonable accommodations, denying requests for continuances—are functions judges normally perform when carrying out their duties. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir.

2001) (ruling on a motion and exercising control over a courtroom, including by ruling on requests for reasonable accommodation, are normal judicial functions).  Because Plaintiffs' claims all relate to actions taken by Judge Lee, Judge Fong, Judge Whitman, Judge Riles, Judge Lew, Judge Satarzadeh, and Judge Fickes in their judicial capacities, they are all entitled to absolute immunity.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED.  Plaintiffs' claims are dismissed without leave to amend as any amendment would be futile.  *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018); *see also Narula v. Orange Cnty. Superior Ct.*, No. 21-55974, 2022 WL 17500721, at *1 (9th Cir. Dec. 8, 2022) (holding district court did not err in dismissing without leave to amend when the claims were barred by the Eleventh Amendment and *Rooker-Feldman* doctrine); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (affirming dismissal without leave to amend when defendants were entitled to absolute judicial immunity).

This Order disposes of Docket Nos. 5, 17.

**IT IS SO ORDERED.**

Dated: April 17, 2025

JACQUELINE SCOTT CORLEY
United States District Judge